| | |
|---|---|
| 1 | JONATHAN WEISSGLASS (SBN 185008) |
| | LINDA LYE (SBN 215584) |
| 2 | ALTSHULER BERZON LLP |
| | 177 Post Street, Suite 300 |
| 3 | San Francisco, California 94108 |
| | Telephone: (415) 421-7151 |
| 4 | Facsimile: (415) 362-8064 |
| | E-Mail: jweissglass@altshulerberzon.com |
| 5 | E-Mail: llye@altshulerberzon.com |
| 6 | Attorneys for Plaintiffs |
| 7 | |
| | NICK C. GEANNACOPULOS (SBN 114822) |
| 8 | CHRISTIAN ROWLEY (SBN 187293) |
| | SEYFARTH SHAW |
| 9 | 560 Mission Street, Suite 3100 |
| | San Francisco, California 94105 |
| 10 | Telephone: (415) 397-2823 |
| | Facsimile: (415) 397-8549 |
| 11 | NGeannacopulos@seyfarth.com |
| | crowley@seyfarth.com |
| 12 | |
| | Attorneys for Defendant |
| 13 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | | |
|---|---|---|
| 17 | INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 2244, and INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, | **Case No. CV-08-1242 TEH** |
| | | **STIPULATION AND [PROPOSED] ORDER GRANTING PLAINTIFFS LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| | Plaintiffs, | |
| | v. | |
| | NEW UNITED MOTOR MANUFACTURING, INC., | |
| | Defendant. | |

STIPULATION AND [PROPOSED] ORDER GRANTING PLAINTIFFS LEAVE TO FILE
FIRST AMENDED COMPLAINT, Case No. CV-08-1242 TEH

# STIPULATION AND [PROPOSED] ORDER
# GRANTING PLAINTIFFS LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiffs and Defendant (hereinafter collectively "Parties"), by and through their undersigned counsel, enter into the following stipulation:

## **RECITALS**

WHEREAS, Plaintiffs seek in their Complaint to confirm two arbitration awards and to compel arbitration pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. §185,

WHEREAS, Plaintiffs intend to file a First Amended Complaint, a copy of which is appended hereto as Exhibit 1, to assert that their claims to confirm two arbitration awards and to compel arbitration are also brought pursuant to the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*;

WHEREAS, Defendant does not object to the filing of the First Amended Complaint;

THEREFORE, the Parties stipulate and agree, and request that the Court order, that:

1. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs may file the First Amended Complaint appended hereto as Exhibit 1;

2. The First Amended Complaint is deemed filed and served as of the date of the Court's Order.

Date: April 8, 2008

NICK C. GEANNACOPULOS
CHRISTIAN ROWLEY
SEYFARTH SHAW


By: /s/Christian Rowley
      Christian Rowley

Attorneys for Defendant

Date: April 8, 2008

JONATHAN WEISSGLASS
LINDA LYE
ALTSHULER BERZON LLP


By: /s/Linda Lye
      Linda Lye

Attorneys for Plaintiffs

STIPULATION AND [PROPOSED] ORDER GRANTING PLAINTIFFS LEAVE TO FILE
FIRST AMENDED COMPLAINT, Case No. CV-08-1242 TEH     1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER**

Pursuant to the parties' stipulation, leave is hereby granted to Plaintiffs to file the First Amended Complaint. The First Amended Complaint is deemed filed and served as of the date of this Order.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE

**ECF CERTIFICATION**

    I, Linda Lye, am the ECF User whose identification and password are being used to file this Stipulation and [Proposed] Order Granting Plaintiffs Leave to File First Amended Complaint. In compliance with General Order 45.X.B., I hereby attest that Christian Rowley has concurred in this filing.

Dated: April 8, 2008                              /s/   Linda Lye
                                                                LINDA LYE

# EXHIBIT 1

1  JONATHAN WEISSGLASS (185008)
   LINDA LYE (215584)
2  Altshuler Berzon LLP
   177 Post Street, Suite 300
3  San Francisco, California 94108
   Telephone: (415) 421-7151
4  Facsimile: (415) 362-8064
   jweissglass@altshulerberzon.com
5  llye@altshulerberzon.com

6  Attorneys For Plaintiffs International
   Union, United Automobile, Aerospace and Agricultural
7  Implement Workers of America, Local 2244,
   and International Union, United Automobile,
8  Aerospace and Agricultural Implement Workers
   of America

9

10

11              UNITED STATES DISTRICT COURT FOR THE

12                 NORTHERN DISTRICT OF CALIFORNIA

13

14 INTERNATIONAL UNION, UNITED           )  Case No. C-08-1242-TEH
   AUTOMOBILE, AEROSPACE AND             )
15 AGRICULTURAL IMPLEMENT WORKERS        )  **FIRST AMENDED COMPLAINT**
   OF AMERICA, LOCAL 2244, and           )  **TO CONFIRM ARBITRATION**
16 INTERNATIONAL UNION, UNITED           )  **AWARDS AND TO COMPEL**
   AUTOMOBILE, AEROSPACE AND             )  **ARBITRATION**
17 AGRICULTURAL IMPLEMENT WORKERS        )
   OF AMERICA,                           )
18                                       )
              Plaintiffs,                )
19                                       )
          v.                             )
20                                       )
   NEW UNITED MOTOR MANUFACTURING,       )
21 INC.,                                 )
                                         )
22            Defendant.                 )
                                         )
23 _____)

24

25

26

27

28

FIRST AMENDED COMPLAINT TO CONFIRM ARBITRATION AWARDS & TO COMPEL
ARBITRATION, Case No. C-08-1242 TEH

# INTRODUCTION

1. Plaintiffs International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and its local affiliate, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local 2244 (collectively "Union" or "UAW") are parties to a collective bargaining agreement with New United Motor Manufacturing, Inc. ("Company" or "NUMMI"). This action seeks to confirm two arbitration awards, which collectively find the Company to have violated the parties' collective bargaining agreement, and to compel the Company to arbitrate over the remedy for its contractual breach.

# JURISDICTION

2. This court has subject matter jurisdiction pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. §185 ("Section 301"), which provides that "suits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." This court also has subject matter jurisdiction pursuant to 28 U.S.C.§1331.

# VENUE AND INTRADISTRICT ASSIGNMENT

3. Venue is proper in the Northern District of California, pursuant to Section 301(c), 29 U.S.C. §185(c), which provides that actions by labor organizations may be brought in "any district in which [the organization's] duly authorized officers or agents are engaged in representing or acting for employee members." The Union is engaged in representing and acting for their employee members in Fremont, California.

4. Venue is also proper in the Northern District of California, pursuant to 28 U.S.C. §1391(b) because Defendant NUMMI resides in this district and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

5. Assignment to the San Francisco-Oakland Division of the Court is proper because the events which gave rise to this action for relief occurred in Alameda County.

///

///

PARTIES

6. Plaintiff International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local 2244 is a labor organization located in Fremont, California. It is a "labor organization" as that term is defined in 29 U.S.C. § 152(5) and, therefore, is a "labor organization" within the meaning of Section 301.

7. Plaintiff International Union, United Automobile, Aerospace and Agricultural Implement Workers of America is a labor organization. It has a regional office in Fremont, California. It is a "labor organization" as that term is defined in 29 U.S.C. § 152(5) and, therefore, is a "labor organization" within the meaning of Section 301.

8. Defendant NUMMI is a California corporation, located in Fremont, California, that has been, and currently is, party to a collective bargaining agreement ("CBA") with the Union. NUMMI is an "employer" as that term is defined in 29 U.S.C. § 152(2) and, therefore, is an "employer" within the meaning of Section 301.

FACTS

9. The Union and the Company have been parties to a written CBA since the mid-1980s. The term of the current CBA is August 6, 2005 through August 8, 2009. A copy of the CBA is attached as Exhibit A.

10. The CBA sets forth the terms and conditions of work for NUMMI employees. Among other things, the CBA contains a provision governing sick leave. CBA, Article XXIII. The CBA also contains a dispute resolution mechanism that provides for "final and binding" arbitration. CBA, Article X.

11. In fall 2005, the Company implemented a new sick leave policy. Pursuant to that new policy, the Company terminated approximately 100 employees who were at the time on sick leave. The Union filed a grievance challenging the new sick leave policy, under the contractual dispute resolution procedure.

12. The parties submitted the grievance to arbitration before an arbitrator mutually selected by the parties. As is common in labor arbitration, the parties first addressed "liability" and reserved "remedy" issues for a later phase.

13.     The arbitrator broke the "liability" issues into two phases and issued two arbitration awards, one on each of the two phases. In those arbitration awards, the arbitrator ruled in the Union's favor and found that the Company violated the collective bargaining agreement by implementing its new sick leave policy and terminating employees pursuant to that policy. The second arbitration award also stated that the parties retained the right to seek arbitral resolution of remedy issues. The two arbitration awards are attached as Exhibits B and C.

14.     After the arbitrator ruled in the Union's favor on the liability issues, the Union attempted to negotiate with the Company regarding implementation of the remedy and advised the Company that it would seek arbitration on the remedy issues if the parties were unable to reach a settlement by mid-January 2008. The Company refused to engage in meaningful discussions. The Company has refused to reinstate any of the employees that it terminated pursuant to the sick leave policy that the arbitrator found to violate the parties' collective bargaining agreement.

15.     The Union sought to arbitrate the remedy issues. The Company now contends that the two arbitration decisions are invalid. The Company has refused to recognize the validity of the two arbitration decisions or to arbitrate the remedy issues.

16.     The Company's actions constitute an unwarranted refusal to recognize the final and binding nature of the two arbitration awards, to participate in the contractual grievance process, and to return to arbitration on the remedy issues arising from the grievance that the parties have submitted to arbitration.

17.     The Company has acted in bad faith by refusing to recognize the final and binding nature of the two arbitration awards, by refusing to participate in the contractual grievance process, and by refusing to arbitrate the remedy issues arising from the grievance.

### FIRST CAUSE OF ACTION

(Section 301 and Federal Arbitration Act - Confirm arbitration awards)

18.      Plaintiffs reallege and incorporate by reference the allegations contained in each and every paragraph above as if fully set forth herein.

FIRST AMENDED COMPLAINT TO CONFIRM ARBITRATION AWARDS & TO COMPEL ARBITRATION, Case No. C-08-1242 TEH         3

19. A binding and valid CBA existed and continues to exist between the Union and the Company. The parties' CBA is a "contract[] between an employer and a labor organization" within the meaning of Section 301. The CBA also involves "commerce" within the meaning of the Federal Arbitration Act ("FAA").

20. The Union filed a grievance challenging a new sick leave policy implemented by the Company in the fall of 2005. The parties submitted the grievance to arbitration pursuant to the CBA's dispute resolution mechanism. The arbitrator issued two arbitration awards that collectively found the Company to have violated the collective bargaining agreement by implementing its new sick leave policy and terminating employees pursuant to that policy. The second arbitration award also stated that the parties retained the right to seek arbitral resolution of remedial issues. Pursuant to the CBA's dispute resolution mechanism, these arbitration awards are "final and binding on all parties."

21. After attempting unsuccessfully to negotiate over the remedy for the Company's violation of the CBA, as found by the arbitrator, the Union sought to arbitrate the remedy issues. The Company has refused to comply with the arbitration awards and now contends they are invalid. In particular, the Company has refused: to recognize the validity of the two arbitration decisions, to reinstate the employees terminated pursuant to the sick leave policy found by the arbitrator to violate the parties' collective bargaining agreement, or to arbitrate the remedy issues.

22. The Company's refusal to comply with the two arbitration awards constitutes a "violation of [a] contract[] between an employer and a labor organization" within the meaning of Section 301.

23. The Union has no other speedy or adequate remedy to compel the Company to comply with the arbitration awards. Unless the Court issues an order confirming the arbitration awards, the Company will continue to refuse to comply with the arbitration awards.

24. The Company's bad faith refusal to comply with the two arbitration awards has produced, and will continue to produce, hardship for the Union and its members because those members have not been reinstated, and are being denied rights established by the parties' CBA,

and the Union is unable to avail itself of contractual grievance procedures contained in that CBA.

25. Pursuant to Section 301 and the FAA, this Court has the power to confirm the two arbitration awards issued by the arbitrator (Exhibits B & C).

## SECOND CAUSE OF ACTION

(Section 301 and Federal Arbitration Act - Compel arbitration)

26. Plaintiffs reallege and incorporate by reference the allegations contained in each and every paragraph above as if fully set forth herein.

27. The Company has refused, and continues to refuse, to participate in the contractual grievance process or to arbitrate the remedy issues arising from the Union's grievance, in violation of the parties' CBA.

28. The Company's refusal to arbitrate constitutes a "violation of [a] contract[] between an employer and a labor organization" within the meaning of Section 301.

29. The Union has no other speedy or adequate remedy to compel the Company to arbitrate. Unless the Court issues an order compelling arbitration, the Company will continue to refuse to arbitrate the remedy issues arising from the Union's grievance.

30. The Company's bad faith refusal to participate in the grievance process or to arbitrate the remedy issues arising from the Union's grievance has produced, and will continue to produce, hardship for the Union and its members because those members have not been reinstated, and are being denied rights established by the parties' CBA, and the Union has been unable to avail itself of contractual grievance procedures contained in that CBA.

31. Pursuant to Section 301 and the FAA, this Court has the power to compel the Company to arbitrate in an expeditious manner the remedy issues arising from the Union's grievance, pursuant to the parties' CBA.

## PRAYER FOR RELIEF

WHEREFORE, the Union prays that this Court:

1. Issue an order and final judgment confirming the two arbitration awards issued by the arbitrator on the Union's grievance;

FIRST AMENDED COMPLAINT TO CONFIRM ARBITRATION AWARDS & TO COMPEL ARBITRATION, Case No. C-08-1242 TEH 5

2. Issue an order and final judgment ordering Defendant NUMMI to participate in the contractual grievance process and to arbitrate in an expeditious manner the remedy issues arising from the Union's grievance;

3. Grant the Union costs of this suit;

4. Award the Union reasonable attorneys' fees, available as a result of the Company's bad faith failure to comply with the two arbitration awards and its bad faith failure to participate in the contractual grievance process or to arbitrate the remedy issues arising from the Union's grievance; and

5. Grant such other and further relief as it deems just and proper.

Dated:   April 8, 2008

JONATHAN WEISSGLASS
LINDA LYE
Altshuler Berzon LLP


By: /s/Linda Lye
    Linda Lye

Attorneys for Plaintiffs International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local 2244 and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America.

FIRST AMENDED COMPLAINT TO CONFIRM ARBITRATION AWARDS & TO COMPEL ARBITRATION, Case No. C-08-1242 TEH

6