SEYFARTH SHAW LLP
Nick C. Geannacopulos (SBN 114822) ngeannacopulos@seyfarth.com
Christian J. Rowley (SBN 187293) crowley@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549
Email: crowley@seyfarth.com
Email: ngeannacopulos@seyfarth.com

Attorneys for Defendant
NEW UNITED MOTOR MANUFACTURING INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL UNION UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, and INTERNATIONAL UNION UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA LOCAL 2244,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>NEW UNITED MOTOR MANUFACTURING INC.,<br><br>　　　　Defendant. | Case No. CV 08 1242 TEH<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant NEW UNITED MOTOR MANUFACTURING, INC., hereby Answers the First Amended Complaint filed by Plaintiffs, INTERNATIONAL UNION UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA LOCAL 2244 ("Local 2244), and INTERNATIONAL UNION UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA ("International") as follows:

/ / /

**FACTS**

9. Answering Paragraph 9 of the Complaint, NUMMI admits each and every allegation contained in this paragraph.

10. Answering Paragraph 10 of the Complaint, NUMMI admits that the CBA contains Articles X and XXIII, and that the CBA has provisions relating sick leave and arbitration. Except as expressly admitted herein, NUMMI denies each and every other allegation contained in this paragraph.

11. Answering Paragraph 11 of the Complaint, NUMMI admits that in 2005 NUMMI implemented what has been called the "Staudohar program," which affected certain employees purportedly on sick leave. NUMMI further admits that at the conclusion of a process initiated with the Staudohar program, certain employees has conditions were permanent and were unable to return to work were terminated. NUMMI further admits that Local 2244 filed grievances challenging certain aspects of the Staudohar program. Except as expressly admitted herein, NUMMI denies each and every other allegation contained in this paragraph.

12. Answering Paragraph 12 of the Complaint, NUMMI admits that Local 2244 and NUMMI submitted their dispute to one arbitrator, who accepted the dispute and agreed to resolve all issues related thereto. Because the term "liability" is not defined, and is vague and ambiguous, NUMMI denies that the parties first addressed all "liability" issues and then all "damages" issues. Except as expressly admitted herein, NUMMI denies each and every other allegation contained in this paragraph.

13. Answering paragraph 13 of the Complaint, NUMMI admits that Exhibits B & C to the Complaint are the Arbitrator's decisions in the matter at issue. Except as expressly admitted herein, NUMMI denies each and every other allegation and characterization contained in this paragraph.

- 4 -

14. Answering paragraph 14 of the Complaint, NUMMI admits that no employees have been reinstated, but denies that the Arbitrator ordered reinstatement. Except as expressly admitted herein, NUMMI denies each and every other allegation and characterization contained in this paragraph.

15. Answering paragraph 15 of the Complaint, NUMMI admits that it alleges that the arbitration decisions attached as Exhibits B and C to the Complaint should be vacated pursuant to Section 301 of the Labor Management Relations Act and pursuant to the Federal Arbitration Act, 9 U.S.C. § 10(a)(4), as described more fully in NUMMI's previously filed Petition to Vacate the awards, incorporated by reference herein. Except as expressly admitted herein, NUMMI denies each and every other allegation and characterization contained in this paragraph.

16. Answering Paragraph 16 of the Complaint, NUMMI denies each and every allegation contained in this paragraph.

17. Answering Paragraph 17 of the Complaint, NUMMI denies each and every allegation contained in this paragraph.

### FIRST CAUSE OF ACTION
**(Section 301 – Confirm Arbitration Awards)**

18. Answering Paragraph 18 of the Complaint, NUMMI incorporates its answers to paragraphs 1-17.

19. Answering Paragraph 19 of the Complaint, NUMMI admits each and every allegation contained in this paragraph.

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. CV 08 1242 TEH

20. Answering Paragraph 20 of the Complaint, NUMMI admits that Local 2244 filed grievances challenging certain aspects of the so called "Staudohar program." NUMMI further admits that Local 2244's and NUMMI's dispute was submitted to one single arbitrator, not divided between multiple arbitrators. Except as expressly admitted herein, NUMMI denies each and every other allegation contained in this paragraph.

21. Answering Paragraph 21 of the Complaint, NUMMI admits that it has filed a Petition/Complaint to have the awards at issue vacated, for the reasons stated therein. NUMMI further admits that the awards did not order reinstatement of anyone, and thus NUMMI has not reinstated any employees as a result of the awards attached as Exhibits B and C to the Complaint. Except as expressly admitted herein, NUMMI denies each and every other allegation contained in this paragraph.

22. Answering Paragraph 22 of the Complaint, NUMMI denies each and every allegation contained in this paragraph.

23. Answering Paragraph 23 of the Complaint, NUMMI denies each and every allegation contained in this paragraph.

24. Answering Paragraph 24 of the Complaint, NUMMI denies each and every allegation contained in this paragraph.

25. Answering Paragraph 25 of the Complaint, NUMMI denies each and every allegation contained in this paragraph.

/ / /

/ / /

## SECOND CAUSE OF ACTION

### (Section 301 / FAA – Compel Arbtiration)

26. Answering Paragraph 26 of the Complaint, NUMMI incorporates its answers to paragraphs 1-18.

27. Answering Paragraph 27 of the Complaint, NUMMI denies each and every allegation contained in this paragraph.

28. Answering Paragraph 28 of the Complaint, NUMMI denies each and every allegation contained in this paragraph.

29. Answering Paragraph 29 of the Complaint, NUMMI denies each and every allegation contained in this paragraph.

30. Answering Paragraph 30 of the Complaint, NUMMI denies each and every allegation contained in this paragraph.

31. Answering Paragraph 31 of the Complaint, NUMMI denies each and every allegation contained in this paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Decisions Must be Vacated)

The arbitration decisions attached to the Complaint must be vacated pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, for the reasons described more fully in NUMMI's Petition and Complaint to Vacate, filed in matter number 08 CV 976 TEH in this Court.

### Second Affirmative Defense

(International Not a Proper Party)

The International is not a proper party to this case because it was not a party to the arbitration, was not named in the arbitration awards at issue, did not file any grievances, and did not appear as a party to the arbitration.

### Third Affirmative Defense

(Unclean Hands)

The Plaintiffs request for relief must be barred to the extent they have unclean hands.

### Fourth Affirmative Defense

(Failure to Satisfy Preconditions To Further Arbitration)

In the alternative, to the extent the awards attached to the Complaint are enforceable, Plaintiffs request to compel further arbitration is barred as they have failed to satisfy, in good faith, the pre-conditions in the awards and/or contract to the relief sought.

### PRAYER FOR RELIEF

1. NUMMI hereby prays that the Court deny Plaintiffs' Complaint to Confirm the arbitration awards and to compel arbitration, with the Plaintiffs to take nothing thereby.

2. NUMMI further prays that the Court vacate the awards at issue, and remand to the parties to arbitrate their dispute with a single arbitrator.

3. NUMMI finally prays that the Court award it its costs and attorneys' fees incurred in this matter.

Date: April 18, 2008

SEYFARTH SHAW LLP

By: _____
NICK C. GEANNACOPULOS
CHRISTIAN J. ROWLEY
Attorneys for Defendant