SEYFARTH SHAW LLP
Nick C. Geannacopulos (SBN 114822)
ngeannacopulos@seyfarth.com
Christian J. Rowley (SBN 187293)
crowley@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Petitioner
NEW UNITED MOTOR MANUFACTURING INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED AUTO WORKERS LOCAL 2244, a labor organization,<br><br>    Plaintiff,<br><br>v.<br><br>NEW UNITED MOTOR MANUFACTURING INC.<br><br>    Defendant. | Case No. C-08-1242 TEH<br><br>**DECLARATION OF CHRISTIAN J. ROWLEY IN SUPPORT OF NUMMI'S REQUEST FOR DENIAL OR CONTINUANCE OF SUMMARY JUDGMENT UNDER FRCP 56(F)**<br><br>Date:  May 19, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 12, 19th Fl., Hon. Thelton E. Henderson |

I, Christian J. Rowley, declare:

1. I am an attorney at law licensed to practice before all Courts of the State of California and the United States District Court for the Northern District of California. I am a partner with the law firm of Seyfarth Shaw LLP, and counsel of record for Petitioner New United Motor Manufacturing Inc. ("NUMMI"). I have personal knowledge of the facts set forth in this declaration, and if called as a witness for this purpose, I could and would testify competently under oath to them.

2. I am familiar with this litigation and the underlying issues presented by the parties' collective bargaining history on these issues.

- 1 -
DECLARATION OF CHRISTIAN J. ROWLEY IN SUPPORT OF NUMMI'S REQUEST FOR
DENIAL/CONTINUANCE OF SUMMARY JUDGMENT UNDER FRCP 56(F)

3. Plaintiffs and NUMMI are parties to a collective bargaining agreement that contains an arbitration clause, Article X. It is my understanding that this arbitration clause was negotiated more than 15 years ago. Given the lapse in time, some of the records related to the bargaining history are not readily available, and many, if not all, of the personnel involved in the original bargaining on behalf of NUMMI are no longer employed with the Company.

4. On the other hand, some of the people apparently involved with bargaining on behalf of the Union are still in the area and could be deposed, including George Nano, former President of the Local and a member of the original bargaining committee.

5. NUMMI does not believe that there is any ambiguity in the parties' collective bargaining agreement with regard to whether the contract: i) requires the same arbitrator to decide the entire grievance presented to him or her at some point, including remedy, and ii) does not authorize the arbitrator to order more arbitration as a remedy or decline to decide the whole case. Plaintiffs, however, seem to suggest otherwise in their briefing.

6. To the extent that the Court believes there is some ambiguity in the contract, the bargaining history of the agreement, and the expressed intent of the UAW when it agreed to the provisions at issue, will be relevant parol evidence as to the parties' intent in adopting the language at issue.

7. NUMMI would engage in the following limited discovery over the next 2-3 months: written discovery to the Plaintiffs regarding any bargaining history evidence in their possession, and depending on the outcome of the written discovery, depositions of surviving members of the negotiating committee on the Union side, such as George Nano.

8. I believe that the information and evidence outlined above will raise a triable issue of material fact and, therefore, that the present motion should be denied as premature pursuant to Fed. R. Civ. Pro. 56(f).

9. On April 21, 2008, I sent Plaintiffs' counsel a meet and confer letter setting forth the specific bases for NUMMI's need to take initial discovery in the case, and requesting that

1  Plaintiffs agree to postpone the summary judgment hearing date for that purpose. A true and
2  correct copy of that letter is attached hereto as Exhibit A.
3       10.    Plaintiffs' counsel responded to my letter via email the same day. She refused to
4  continue the summary judgment hearing, and disagreed with one of NUMMI's asserted bases for
5  needing discovery, without addressing the other bases set forth in my April 21, 2008 letter. A
6  true and correct copy of Plaintiffs' counsel's April 21, 2008 email is attached hereto as Exhibit
7  B.
8       11.    I responded to Plaintiffs' counsel on April 22, 2008. I noted the parties'
9  continued agreement to combine the hearings on NUMMI's Petition to Vacate and Plaintiff's
10 Summary Judgment motion, but again underscored the need for NUMMI to conduct discovery
11 before opposing Plaintiffs' summary judgment motion. A true and correct copy of my response
12 to Plaintiffs' counsel is attached hereto as Exhibit C.
13      12.    Plaintiffs' counsel did not respond to my April 22, 2008 correspondence. Instead,
14 without further communication, she filed a "Motion to Consolidate Hearings in Related Cases on
15 May 19, 2008."
16
17      I declare under penalty of perjury of the laws of the State of California and of the United
18 States that the foregoing is true and correct.
19
20 Executed this April 28, 2008, in San Francisco, California.

                                                    CHRISTIAN J. ROWLEY

- 3 -
DECLARATION OF CHRISTIAN J. ROWLEY IN SUPPORT OF NUMMI'S REQUEST FOR
DENIAL/CONTINUANCE OF SUMMARY JUDGMENT UNDER FRCP RULE 56(F)
SF1 28315406.1

# EXHIBIT A

# EXHIBIT A



**SEYFARTH**
ATTORNEYS **SHAW** LLP

560 Mission Street, Suite 3100
San Francisco, California 94105
(415) 397-2823
fax (415) 397-8549
www.seyfarth.com

Writer's direct phone
(415) 544-1001

Writer's e-mail
crowley@seyfarth.com

April 21, 2008

**VIA FACSIMILE & U.S. MAIL**
(415) 362-8064

Linda Lye, Esq.
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108

Re:   *UAW LOCAL 2244 v. NUMMI*

Dear Linda:

We are writing with regard to your request to set the hearing for our Petition to Vacate for the same day as your Summary Judgment Motion. It makes sense to have both heard the same day; our concern is with regard to timing.

We believe that it is in the parties' interest to finish briefing more than 14 days before the hearing, to give the Court sufficient time to review the voluminous materials. Furthermore, given our pre-existing commitments, it will be difficult for us to complete the Reply Brief for the Petition to Vacate and the Opposition to your Summary Judgment Motion with the current hearing date you set.

More importantly, NUMMI believes that some discovery is necessary before the case is ripe for consideration. Among other things, the UAW has represented with regard to its Request to Compel Arbitration and request for fees that NUMMI has refused to arbitrate anything and is trying to delay the proceedings. NUMMI disputes both of these claims. One or two depositions of UAW officials relating to communications directly between NUMMI officials and the UAW will show that the UAW's representations are not accurate. NUMMI also disputes part of the Mays Declaration upon which the UAW relies.

Moreover, to NUMMI's understanding, the UAW has not complied fully with Arbitrator Askin's decision that the parties seek to negotiate a resolution, and yet now claims that NUMMI has violated that decision by allegedly refusing to arbitrate. Again, discovery will show that NUMMI has repeatedly requested from the UAW specific documents related to the alleged damages flowing from the "time for time" program, which

BRUSSELS   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA



Linda Lye, Esq.
April 21, 2008
Page 2

information it needs to negotiate any resolution (assuming arguendo the decision is enforceable).

NUMMI believes that discovery will show that the UAW has essentially ignored those requests. Indeed, we are now in 2008, and the Union still has never once provided any information about damages, and yet is telling the Court that NUMMI has delayed the process. Moreover, in recent conversations when NUMMI officials have asked UAW personnel to meet and discuss a resolution, they have been told to negotiate with "Detroit," which is not even a party to these arbitrations.

Discovery also will show, that NUMMI has not refused to arbitrate the time for time matters. Rather, NUMMI believes that the contract provides for one arbitrator to hear the entire dispute start to finish, and the UAW thinks the contract allows for one arbitrator to pass off jurisdiction elsewhere. In either case, <u>NUMMI has not taken the position that it has no duty to arbitrate anything</u> (whether it had a legal right to take such a position or not).

In other words, whether the parties' intended, or through past practice interpreted, the CBA arbitration clause to give the arbitrator authority to do what Arbitrator Askin did, are issues that need to be explored through discovery. NUMMI asserts that under the CBA the Arbitrator did not have the power to split up one grievance between multiple arbitrators or to order more arbitration with a different arbitrator. The UAW thinks otherwise. Discovery can shed light on this issue.

Furthermore, the International purports to be a party to this lawsuit, even though it was not a party to the arbitration. Discovery may be needed to show that the International had no involvement in the underlying arbitration, and that the parties did not intend it to be a party to the arbitration.

Based on the foregoing, we suggest that the parties have a Rule 26(f) conference to discuss a short discovery schedule, briefing schedule and hearing date to propose to Judge Henderson. We see no reason, if the Court agreed, that the parties could not complete discovery and have a hearing date by Summer 2008, which is consistent with both parties' desire to move through this expeditiously.

Please advise us no later than COB April 23, 2008, as to your position regarding the foregoing. This also will constitute our meet and confer attempt regarding our belief that your Motion is premature because discovery is needed.

SF1 28321106.1 / 33218-000032



Linda Lye, Esq.
April 21, 2008
Page 3

    If we are unable to reach an agreement, NUMMI will file a Rule 56(f) opposition to your motion for summary judgment, asking the Court to set a briefing/discovery schedule at the current June hearing. I am, of course, happy to discuss this further with you, in the interest of reaching a mutually agreeable resolution.

                Sincerely,

                SEYFARTH SHAW LLP

                Christian J. Rowley

CJR/lmf

CC:    Nick. C. Geannacopulos, Esq.
        Jonathan Weissglass, Esq. (Altshuler, Berzon)

# EXHIBIT B

# EXHIBIT B

**Linda Lye**

| | |
|---|---|
| From: | Linda Lye |
| Sent: | Monday, April 21, 2008 3:48 PM |
| To: | 'Rowley, Christian' |
| Cc: | Geannacopulos, Nick; Jonathan Weissglass |
| Subject: | Time for time |

Dear Christian,

We are in receipt of your letter of today's date. We are glad you agree that it makes sense to schedule the hearing on your petition to vacate and our summary judgment motion and motion to confirm/compel on the same date. We disagree that there is any need to put off the hearing so that you can take discovery. The factual matters as to which you contend NUMMI requires discovery are matters about which NUMMI officials are competent to testify (e.g., "communications directly between NUMMI officials and the UAW"). This is not a situation in which the UAW International or Local 2244 have exclusive control over the information that you contend you need to oppose our motions.

Our deadline for holding a Rule 26(f) conference is May 19, which is the date for which we have noticed our motion. Our view is that we should hold the Rule 26(f) conference after the parties have completed briefing, which will be May 5. I am available on May 6, on May 7 anytime before 3, and May 8.

We understand the request to postpone the hearing on our motions until after you have taken discovery in your April 21, 2008 letter to be a refusal to agree to our request to consolidate the hearing on your motion with the May 19 hearing on our motions. Please let us know by noon on April 22, 2008, if you disagree.

Thanks.

Linda

Linda Lye
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
tel: (415) 421-7151
fax: (415) 362-8064

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

1

# EXHIBIT C

# EXHIBIT C

## Linda Lye

| | |
|---|---|
| **From:** | Rowley, Christian [CRowley@seyfarth.com] |
| **Sent:** | Tuesday, April 22, 2008 3:05 PM |
| **To:** | Linda Lye |
| **Cc:** | Geannacopulos, Nick; Jonathan Weissglass |
| **Subject:** | RE: Time for time |

Dear Linda:

Thank you for the prompt reply, but we would appreciate some clarification. Specifically, you appear to have addressed only one of the grounds given for discovery in my letter, namely communications between the UAW and NUMMI.

Setting aside for the moment whether we agree or disagree with your analysis on that issue, you have failed to respond to the issue we noted as to the meaning of, and past practice related to, the arbitration clause at issue.

I include the language from my letter here: "In other words, whether the parties' intended, or through past practice interpreted, the CBA arbitration clause to give the arbitrator authority to do what Arbitrator Askin did, are issues that need to be explored through discovery. NUMMI asserts that under the CBA the Arbitrator did not have the power to split up one grievance between multiple arbitrators or to order more arbitration with a different arbitrator. The UAW thinks otherwise. Discovery can shed light on this issue." The intent of UAW when the arbitration clause was negotiated, as well as, the UAW's interpretations of that clause, are issues not within NUMMI's control. Moreover, as you know, the clause at issue was negotiated many years ago, and thus the recollections of the negotiators, as well as UAW documents related to the negotiation process, are again items that require discovery.

Similarly, you have inaccurately claimed in the moving papers and your Opposition to our Petition, that NUMMI has refused to arbitrate anything and seeks to "annihilate" the arbitration clause. These claims are false, as we will show through a declaration and otherwise. Since under Section 4 of the FAA and under Section 301 you have the obligation of proving a refusal to arbitrate, there will be a material issue of fact here as at well, at minimum.

Thus, setting aside the 56(f) issues, to the extent that you are declining to agree to continue the hearing to allow discovery and are trying to jam through a hearing before the case even gets to the Rule 26 stage, we will argue to the Court that you have waived your right to refile summary judgment on the same issue, if the Court finds there is a factual issue on the record at hand (which given that we will submit competing declaration(s), we believe is a likely conclusion). We believe it would be preferable, and save both the Court's and parties' time, to engage in some brief discovery, and then focus the issues for the Court.

Given that the case law is clear that it is an abuse of discretion to deny a Rule 56(f) motion prior to a party having any chance to conduct discovery, we fail to see the legal basis for your intransigence on this issue. Burlington Northern Santa Fe Railroad Co. v. Assiniboine & Sioux Tribes of the Ft Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003)(when "a summary judgment motion is filed . . . early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely.")

Respectfully, it appears to us that there is some gamesmanship at issue here, as you are

4/22/2008

essentially seeking to deprive NUMMI of a reasonable opportunity to have discovery on the relevant issues, and the Court and parties a reasonable opportunity to consider and fully brief the correctly framed issues.

We look forward to hearing from you on these issues, before we reply as to the consolidation and 26(f) issues.

Warm Regards,

Christian


Christian J. Rowley, Esq.
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, CA 94105
Direct Dial: (415) 544-1001
Fax: (415) 397-8549
Assistant: Lydia Flores, (415) 397-2823
**No Blackberry**

-----Original Message-----
**From:** Linda Lye [mailto:llye@altshulerberzon.com]
**Sent:** Monday, April 21, 2008 3:48 PM
**To:** Rowley, Christian
**Cc:** Geannacopulos, Nick; Jonathan Weissglass
**Subject:** Time for time

Dear Christian,

We are in receipt of your letter of today's date. We are glad you agree that it makes sense to schedule the hearing on your petition to vacate and our summary judgment motion and motion to confirm/compel on the same date. We disagree that there is any need to put off the hearing so that you can take discovery. The factual matters as to which you contend NUMMI requires discovery are matters about which NUMMI officials are competent to testify (e.g., "communications directly between NUMMI officials and the UAW"). This is not a situation in which the UAW International or Local 2244 have exclusive control over the information that you contend you need to oppose our motions.

Our deadline for holding a Rule 26(f) conference is May 19, which is the date for which we have noticed our motion. Our view is that we should hold the Rule 26(f) conference after the parties have completed briefing, which will be May 5. I am available on May 6, on May 7 anytime before 3, and May 8.

We understand the request to postpone the hearing on our motions until after you have taken discovery in your April 21, 2008 letter to be a refusal to agree to our request to consolidate the hearing on your motion with the May 19 hearing on our motions. Please let us know by noon on April 22, 2008, if you disagree.

4/22/2008

Thanks.

Linda

Linda Lye
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
tel: (415) 421-7151
fax: (415) 362-8064

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it. Thank you.

4/22/2008