SEYFARTH SHAW LLP
Nick C. Geannacopulos (SBN 114822)
ngeannacopulos@seyfarth.com
Christian J. Rowley (SBN 187293)
crowley@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Petitioner
NEW UNITED MOTOR MANUFACTURING INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED AUTO WORKERS LOCAL 2244, a labor organization, et al.<br><br>Plaintiffs,<br><br>v.<br><br>NEW UNITED MOTOR MANUFACTURING INC.<br><br>Defendant. | Case No. C-08-1242 TEH<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NUMMI'S REQUEST FOR DENIAL OR CONTINUANCE OF SUMMARY JUDGMENT UNDER FRCP 56(F)**<br><br>Date: May 19, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 12, 19th Fl., Hon. Thelton E. Henderson |

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 56(f), Defendant New United Motor Manufacturing, Inc. ("NUMMI") requests that this Court grant appropriate relief under Rule 56(f) and deny the Motion for Summary Judgment filed by plaintiff United Auto Workers Local 2244, *et al.* ("Plaintiffs"), or, alternatively, continue the hearing on that motion until NUMMI has had an opportunity to conduct some limited discovery in this action. Plaintiffs have deprived NUMMI of that opportunity by filing this premature summary judgment motion only 12 days after NUMMI filed its Answer to the original complaint, only *four days* after Plaintiff filed its First Amended Complaint, and well prior to Initial Disclosures being exchanged, and the Initial Case Management Conference under F.R.C.P. Rule 26(f), which is set for June 9, 2008.

1   Because NUMMI will be unduly prejudiced by having to oppose Plaintiffs' grossly premature and voluminous motion for summary judgment without the benefit of any discovery in this case, it requests that the Court grant appropriate relief under F.R.C.P. 56(f).

## II. FACTUAL BACKGROUND

### A. Plaintiffs Filed Their Summary Judgment Motion Just Days After Filing Their First Amended Complaint.

Plaintiffs and NUMMI are parties to a collective bargaining agreement ("CBA"). The CBA contains a number of clauses relating to sick leave. Local 2244 and NUMMI have been engaged in an underlying dispute relating to the clause in the CBA referred to as the "time for time" clause. (Declaration of Earlie Mays In Support of Plaintiffs' Motion ("Mays Decl."), ¶¶ 2-3; Exh. A). The dispute has been arbitrated, resulting in two decisions, on November 24, 2006 and November 20, 2007. (Mays Decl., ¶¶ 4-5; Exhs. B &C). On February 15, 2008, NUMMI filed in this Court a Petition to Vacate the Arbitration Awards. (*See* Case No. C-08-0976-TEH, Doc. No. 1).

Plaintiffs filed their original complaint to confirm the arbitrations awards and to compel arbitration on March 3, 2008. (*See* Case No. C-08-1242-TEH, Doc. No. 1) The case was assigned to Judge Conti, but reassigned to Judge Henderson as a related case on March 17, 2008. (*See* Case No. C-08-1242-TEH, Doc. No. 6). By Clerk's order, the Initial Case Management Conference before Judge Henderson has been set for June 9, 2008. (*See* Case No. C-08-1242-TEH, Doc. No. 7). Pursuant to stipulation of the parties and order of the Court, NUMMI filed its Answer to the complaint on April 2, 2008. (*See* Case No. C-08-1242-TEH, Doc. No. 10). Plaintiffs then filed a First Amended Complaint on April 10, 2008. (*See* Case No. C-08-1242-TEH, Doc. No. 13). Just *four days later*, on April 14, 2008, Plaintiffs filed their motion for summary judgment.

Aside from being too early, Plaintiff's motion is also voluminous. The brief is 22 pages, and the two declarations filed with the motion contain many, many pages of exhibits. Without the courtesy of consulting with NUMMI's counsel, Plaintiffs set the motion to be heard on May

- 2 -

19, 2008, prior to the June 9, 2008 Initial Case Management Conference, and prior to the exchange of Initial Disclosures under F.R.C.P. Rule 26(f), set for May 30, 2008. Pursuant to the Court's scheduling order, June 2, 2008 is the last day to file the Joint Case Management Report under Local Rule 16-9. (*See* Case No. C-08-1242-TEH, Doc. No. 7).

### B. NUMMI Has Unsuccessfully Attempted To Resolve This Dispute Informally During the Meet and Confer Process.

On April 21, 2008, NUMMI's counsel sent Plaintiffs' counsel a meet and confer letter regarding the premature summary judgment motions and outlining the bases for NUMMI's need to conduct initial discovery in the case. (Declaration of Christian J. Rowley ("Rowley Decl."), ¶ 9, Exh. A). As set forth in the letter, NUMMI agreed that it makes sense for its Petition to Vacate to be heard contemporaneously with Plaintiffs' Motion for Summary Judgment. However, there are specific avenues of discovery which NUMMI needs to pursue before being able to adequately oppose Plaintiffs' motion, which the letter explicated. NUMMI also informed Plaintiffs that it would seek relief under F.R.C.P. 56(f) if Plaintiffs refused to continue the premature summary judgment hearing. (Rowley Decl., ¶ 9, Exh. A).

Plaintiffs' counsel responded via email the same day. She refused to continue the summary judgment hearing, and disagreed with only one of NUMMI's asserted bases for needing discovery, without addressing the other bases set forth in the April 21, 2008 letter. (Rowley Decl., ¶ 10, Exh. B). NUMMI responded to Plaintiffs' counsel on April 22, 2008. It noted the parties' continued agreement to combine the hearings on NUMMI's Petition to Vacate and Plaintiffs' Summary Judgment motion, but again underscored the need for NUMMI to conduct discovery before opposing Plaintiffs' summary judgment motion. (Rowley Decl., ¶ 11, Exh. C). Plaintiffs' counsel did not respond to the April 22, 2008 correspondence. Instead, without further communication, Plaintiffs filed a "Motion to Consolidate Hearings in Related Cases on May 19, 2008." (Rowley Decl., ¶ 12). NUMMI's separate Opposition to that motion in the related case is filed and served herewith.

NUMMI has fulfilled any meet and confer obligations on this issue. It has attempted to informally and expeditiously resolve the dispute as to the timing of the summary judgment

- 3 -

hearing without wasting the Court's and the parties' time. Unfortunately, despite repeated requests, Plaintiffs have refused to agree to continue the hearing to allow NUMMI reasonable discovery, thus necessitating this motion.

### C. There Are Legitimate Bases For The Specific and Limited Discovery NUMMI Seeks.

Plaintiffs and NUMMI are parties to a collective bargaining agreement that contains an arbitration clause, Article X. This arbitration clause was negotiated more than 15 years ago. Given the lapse in time, some of the records related to the bargaining history are not readily available, and many, if not all, of the personnel involved in the original bargaining on behalf of NUMMI are no longer employed with the Company. (Rowley Decl., ¶ 3). However, some of the people apparently involved with bargaining on behalf of the Union are still in the area and could be deposed, including George Nano, former President of the Local and a member of the original bargaining committee. (Rowley Decl., ¶ 4).

NUMMI does not believe that there is any ambiguity in the parties' CBA with regard to whether the contract: i) requires the same arbitrator to decide the entire grievance presented to him or her at some point, including remedy; and ii) does not authorize the arbitrator to order more arbitration as a remedy or decline to decide the whole case. Plaintiffs, however, seem to suggest otherwise in their briefing. (Rowley Decl., ¶ 5). To the extent that the Court believes there is some ambiguity in the contract, the bargaining history of the agreement, and the expressed intent of the UAW when it agreed to the provisions at issue, will be relevant parol evidence as to the parties' intent in adopting the language at issue. (Rowley Decl, ¶ 6).

NUMMI would engage in the following limited discovery over the next 2-3 months: written discovery to the Plaintiffs regarding any bargaining history evidence in their possession, and depending on the outcome of the written discovery, depositions of members of the negotiating committee on the Union side, such as George Nano. (Rowley Decl, ¶ 7). The discovery NUMMI seeks is extremely limited and vital to its adequately opposing Plaintiffs' motion for summary judgment. It is not a "fishing expedition," and can be completed

- 4 -
MPA IN SUPPORT OF NUMMI'S REQUEST FOR DENIAL/CONTINUANCE OF SUMMARY JUDGMENT
UNDER FRCP RULE 56(F)
SF1 28315406.1

expeditiously, based on a reasonable schedule agreed upon by the Court and the parties at the Rule 26(f) conference in early June, or even sooner.

Indeed, NUMMI has proposed agreeing to such a schedule, but Plaintiffs' actions demonstrate they are more interested in efforts to thwart NUMMI's right to discovery and its meaningful opportunity to oppose Plaintiffs' motion for summary judgment. The limited information and evidence outlined above is critical because it will raise a triable issue of material fact and preclude this Court granting the motion. (Rowley Decl, ¶ 8). Therefore, the present motion should be denied as premature pursuant to Fed. R. Civ. Pro. 56(f), and the Court should continue the May 19, 2008 hearing date.

### III. LEGAL ARGUMENT

#### A. Standards Governing Rule 56(f).

Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, a court "may refuse an application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed. R. Civ. P. 56(f). Rule 56(f) permits a court to deny a motion for summary judgment, or order a continuance, if the opposing party has had insufficient time to conduct discovery. Fed.R.Civ.Proc. 56(f); *Resolution Trust Co. v. North Bridge Assocs.*, 22 F.3d 1198, 1203 (1st Cir. 1994) (Rule 56(f) is the means by which a party opposing summary judgment may obtain a denial or deferral of judgment upon a demonstration of "an authentic need for, and an entitlement to, an additional interval in which to marshal facts essential to mount an opposition.").

The Ninth Circuit has definitively stated: "We generally disfavor summary judgment where relevant evidence remains to be discovered." *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988) (reversing summary judgment because plaintiff was deprived relevant discovery). Further, Rule 56(f) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *Burlington No. Santa Fe Railrd. Co. v. Assiniboine, Sioux Tr*, 323 F.3d 767, 773 (9th Cir. 2003) (same); citing *United States v. Kitsap Physicians Serv*, 314 F.3d 995, 1000 (9th Cir. 2002). A lesser showing of specificity may be

- 5 -

allowed before any discovery has taken place, because "the party making a Rule 56(f) motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not been laid." *Burlington No. Santa Fe Railrd. Co.*, 323 F.3d at 774. The protections of FRCP Rule 56(f) prevent the opposing party from being "railroaded" by a premature summary judgment motion, such as this one. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2554 (1986).

Here, Plaintiffs have deliberately jumped the gun by filing the summary judgment motion just *four days* after filing its First Amended Complaint, and well before Initial Disclosures are exchanged and the Initial Case Management Conference is held, pursuant to the Court's scheduling order. (*See* Case No. C-08-1242-TEH, Doc. No. 7). Plaintiffs' premature filing of the motion, and their obstinacy in refusing to continue the hearing, is nothing but a transparent and improper attempt to jam this motion down NUMMI's throat and deny it the rightful opportunity to conduct the discovery necessary to opposing the motion. However, the law in this Circuit is clear that when, as here, a party files such a premature motion, Courts grant relief under F.R.C.P. 56(f) almost as a matter of course. *Burlington Northern Santa Fe Railroad Co.*, 323 F.3d at 773 (when "a summary judgment motion is filed . . . early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely.")

In addition to giving rise to relief under Rule 56(f), Plaintiffs' early motion also flatly contravenes the Court's scheduling orders in this case. The Court has ordered that the parties file their Joint Rule 26(f) report by June 2, 2008, in advance of the June 9, 2008 Initial Case Management Conference. (*See* Case No. C-08-1242-TEH, Doc. No. 7). Under Local Rule 16-9, the Joint Report is to address the *proposed* timing of any motions, including dispositive motions. This rule clearly contemplates that the timing of summary judgment motions will be addressed by the Court and parties at the Initial Case Management Conference. Plaintiffs have disregarded this requirement by unilaterally filing the motion almost *two months* prior to the Initial Case Management Conference. Also, it is arguable that the timing of Plaintiffs' motion violates the

- 6 -

MPA IN SUPPORT OF NUMMI'S REQUEST FOR DENIAL/CONTINUANCE OF SUMMARY JUDGMENT UNDER FRCP RULE 56(F)

SFI 28315406.1

mandatory 20 day hold on such filings after the commencement of the action. Plaintiffs filed the summary judgment motion only four days after filing its First Amended Complaint. F.R.C.P. 56(a)(1); *see United Food, etc. Union v. Alpha Beta Co.*, 550 F.Supp. 1251, 1254 (N.D. Cal. 1982).

In any event, Plaintiffs' premature filing of the summary judgment motion, and their continued and unreasonable refusal to agree to continue the May 19, 2008 hearing on the motion, deprives NUMMI of its right to relevant discovery and prejudices NUMMI in that respect. Relief is warranted under Rule 56(f).

### B. The Information NUMMI Needs to Respond to Summary Judgment Is Reasonable, Limited, and Easily Obtainable

Parties opposing a motion for summary judgment under Rule 56(f) must make "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004); citing *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986). Here, the limited information NUMMI needs to adequately oppose Plaintiffs' motion exists, is relevant, and has been specifically identified to both Plaintiff and the Court. (Rowley Decl., ¶¶ 4-8).

NUMMI would engage in the following limited discovery over the next 2-3 months: written discovery to the Plaintiffs regarding any bargaining history evidence in their possession, and depending on the outcome of the written discovery, depositions of members of the negotiating committee on the Union side, such as George Nano. (Rowley Decl, ¶ 7). The discovery NUMMI seeks is extremely limited and vital to its adequately opposing Plaintiffs' motion for summary judgment. It is not a "fishing expedition," and can be completed expeditiously, based on a reasonable schedule agreed upon by the Court and the parties at the Rule 26(f) conference in early June, or even sooner. The limited information and evidence outlined above is critical because it will raise a triable issue of material fact and preclude this Court granting the motion. (Rowley Decl, ¶ 8).

## IV. CONCLUSION

NUMMI's Rule 56(f) submission establishes the facts and information that it has been deprived in discovery; that evidence strongly suggests the information sought exists and is easily obtainable; and that the sought-after facts would preclude summary judgment. Accordingly, NUMMI's Request for Denial or Continuance of Summary Judgment pursuant to Rule 56(f) should be granted.

DATED: April 28, 2008

Respectfully submitted,

SEYFARTH SHAW LLP

By _____
Christian J. Rowley

Attorneys for Defendant
NEW UNITED MOTOR
MANUFACTURING INC.