SEYFARTH SHAW LLP
Nick C. Geannacopulos (SBN 114822) ngeannacopulos@seyfarth.com
Christian J. Rowley (SBN 187293) crowley@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Petitioner
NEW UNITED MOTOR MANUFACTURING INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED AUTO WORKERS LOCAL 2244, a labor organization,

    Plaintiff,

v.

NEW UNITED MOTOR MANUFACTURING INC.

    Defendant.

Case Nos. CV 08 1242 TEH

DECLARATION OF ROBERT MCCULLOUGH, ESQ. IN SUPPORT OF NUMMI'S OPPOSITION TO PLAINTIFF'S SUMMARY JUDGMENT MOTION AND IN SUPPORT OF NUMMI'S PETITION/MOTION TO VACATE AN ARBITRATION AWARD

I, Robert McCullough, Esq. declare:

1. I am Vice President of Human Resources and Legal for New United Motor Manufacturing ("NUMMI"), a position I have held for three years. I have personal knowledge of the facts set forth in this declaration, and if called as a witness for this purpose, I could and would testify competently under oath to them.

2. I am familiar with the "time for time" grievance and have been directly involved in the arbitration of that dispute. I was present for all of the arbitration hearings in that dispute.

- 1 -
DECLARATION OF ROBERT MCCULLOUGH IN SUPPORT OF NUMMI'S PETITION/MOTION TO VACATE AN ARBITRATION AWARD

3.  To my knowledge, UAW Local 2244 and NUMMI were the only parties to the arbitration with Charles A. Askin at issue in the above captioned matter.

4.  NUMMI agreed to Arbitrator Askin because NUMMI understood that he would hear the entire time-for-time grievance and enter a final and binding decision, whether in one decision or ultimately in a series of decisions.

5.  The parties have always interpreted Article X, Sections 6 and 7.1 of their current collective bargaining agreement (and the same language in prior agreements) to require one arbitrator, not multiple arbitrators, to hear an entire dispute. While on occasion, as in this case, issues are divided up in multiple hearings with one arbitrator, it is always with the understanding, as in this case, that ultimately that same Arbitrator would decide the entire case, including remedy at some point, unless there was an express agreement to the contrary.

6.  I am not aware of any case where the parties allowed an arbitrator to quit halfway through an arbitration and/or where the arbitrator selected by the parties directed them to seek a new arbitrator to hear the remainder of the case.

7.  NUMMI believes that having one arbitrator decide an entire case is vital to the parties' arbitration process as, among other things, it will be quicker in the long run over the course of numerous arbitrations, there is more certainty as to the result, and there will be no dispute as to what was or was not decided by the prior arbitrator(s) in the case.

8.  Moreover, NUMMI believes that the contractual requirement that a single arbitrator hear an entire case, particularly a very complicated case with numerous sub issues such as the time for time matter, is vital as the arbitrator needs a full understanding of the facts and background in fashioning a remedy, and each subsequent issue builds upon the prior, often highly interrelated issues.

9.  NUMMI has never, to my knowledge, advised anyone from the UAW International or Local 2244, that it would refuse to arbitrate time for time issues. NUMMI believes that Arbitrator Askin's decisions must be vacated and a new arbitrator picked who will decide the entire time for time grievance, as required by the contract, long established past

practice, and the express agreement in this case. Regardless of whether NUMMI could have taken the position that no further arbitration is required, it has not done so, and has no intention of doing so.

10. If the Court finds against NUMMI's Petition to Vacate, then NUMMI will arbitrate the remaining issues in the time for time grievance with a new arbitrator, provided that the UAW pursues that arbitration pursuant to the process ordered by the Arbitrator.

11. The customary and usual method for selecting an arbitrator is for the parties to to jointly request an arbitration list from the AAA. Again, it has always been the practice to select one arbitrator to hear the entire grievance. There has never been a practice of one party unilaterally demanding a AAA list on one day's notice without going though the process outlined in the collective bargaining agreement and established through past practice.

12. I have advised UAW Local 2244 officials of, among other things, the fact that NUMMI has not refused to arbitrate, and have attempted to meet with them to discuss resolution of the time for time matter, only to be told, among other things, that they could not negotiate with me and that I had to "go to Detroit," which I did, even though "Detroit," i.e. the International, is not a party to the arbitration.

13. In Detroit, NUMMI made repeated attempts to address the issues in the time for time grievance to resolve the matter, only to be essentially ignored on this topic.

14. NUMMI has also repeatedly asked the UAW to provide any information it has related to alleged damages that it seeks in the time for time grievance. NUMMI needs this information to negotiate a resolution, but the UAW has refused to provide any such information. Instead, I have been repeatedly told that the UAW will accept nothing less than reinstatement of all team members terminated through the "Staudohar" process, despite the fact that the arbitrator did not award such a remedy or order any such result. In my conversations with the UAW in trying to resolve this matter, they have taken an "all or nothing stance" in refusing to discuss any issue other than full and complete reinstatement for all affected team members.

15. Although NUMMI does not believe Arbitrator Askin's decision is enforceable or proper for the reasons set out in the Petition to Vacate, in good faith NUMMI has sought to negotiate a resolution with Local 2244. I believe that the UAW has not responded in good faith to NUMMI's attempts at resolution without Court involvement.

16. Given that NUMMI would waive its strongly held objections to the Arbitrator's actions, as set out in the Petition to Vacate, NUMMI had no choice but to file the Petition to Vacate when it did.

I declare under penalty of perjury of the State of California and of the United States that the foregoing is true and correct.

Executed this 23RD day of April 2008, in Fremont, California.

_____
ROBERT MCCULLOUGH

///

- 4 -
DECLARATION OF ROBERT MCCULLOUGH IN SUPPORT OF NUMMI'S PETITION/MOTION TO VACATE AN ARBITRATION AWARD

SF1 28315406.1